## MATTER OF NOURI

### In Visa Petition Proceedings

### A-12525308

*Decided by Board November 5, 1965*

A divorce granted in the presence of the Consul of the United Arab Republic. at Chicago, Illinois, to a nonimmigrant student in attendance at the Iowa State University, dissolving a previous marriage contracted in Egypt, is not valid for immigration purposes even though the United Arab Republic may consider such divorce valid under its laws.

This case is before us on appeal from a decision of a District Director denying the visa petition.

The petitioner was born in the United States and married the beneficiary at Harlan, Iowa on November 27, 1964. The beneficiary had previously been married in Egypt on July 4, 1963 and declared his divorce from his first wife on June 8, 1964 in the presence of the Consul of the United Arab Republic at Chicago, Illinois. The district Director held that the divorce did not meet the legal requirements of Illinois nor of the State of Iowa in which the beneficiary has his domicile. For that reason, that officer concluded that the petitioner had failed to establish that her marriage to the beneficiary was valid. .

We have carefully considered the statements in counsel's letter of August 20, 1965. He contends that, since the beneficiary was merely attending the Iowa State University as a student when he obtained the divorce in June 1964 and intended to return to Egypt, he was not a resident of Iowa and could not have secured a valid divorce under its laws. By his marriage in November 1964 and his present desire to become a permanent resident of the United States, it would seem that he has now abandoned his Egyptian domicile and has taken up domicile in the United States. We rejected a similar contention in *Matter of M—*, 7 I. &. N. Dec. 556 (1957), in which the alien attempted to divorce his first wife in Connecticut through a written declaration in the Islamic tradition and then married a

United States citizen in Connecticut. Actually, the issue here is not whether the beneficiary could have obtained a divorce under the laws of Iowa but whether the alleged divorce before the Consul at Chicago was valid. For the reasons more fully set forth in *Matter of M—*, *supra*, and in *Matter of H—*, 6 I. & N. Dec. 470 (1954), and in accordance with the decision in *Shikoh* v. *Murff*, 257 F.2d 306 (2d Cir., 1958), we hold that, although the United Arab Republic may consider the instant beneficiary's divorce valid under its laws, it cannot be regarded as valid for immigration purposes.

Counsel's second contention is that alternatively we should hold that the beneficiary's first marriage was not valid because he was not present in Egypt at that time and a friend signed the marriage papers on his behalf. The record before the District Director does not contain any evidence that the first marriage was a proxy marriage, and the certificate concerning the divorce contains the statement that he was married to the first wife under Marriage License No. 450667 given by legal authorities. The divorce record also shows that she had lived at 145 Campus, Ames, Iowa so that it would appear that the marriage was consummated. On this record, we must find that the beneficiary's first marriage was valid.

In view of the foregoing, we conclude that it has not been established that the marriage of the petitioner and beneficiary is valid, and the appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.